**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Case No. 26-17110** |
| | ) | |
| **DRINK 2 SUCCESS BEVERAGE CONSULTANTS LLC** | ) | Chapter 11 |
| | ) | Subchapter V |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |

## NOTICE OF EMERGENCY MOTION

TO: See attached service list

**PLEASE TAKE NOTICE** that on Tuesday, October 20, 2026, at 9:00 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, **or** electronically as described below, and present the Debtor's **Emergency Motion for Entry of Order Authorizing Use of Cash Collateral and Granting Adequate Protection to Newtek Bank, N.A. and to Shorten Notice**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728, and no passcode is required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

In addition to other grounds for opposing the motion, you may oppose the motion on the basis that emergency treatment is not appropriate.

**DRINK 2 SUCCESS BEVERAGE CONSULTANTS LLC**

By: /s/ David P. Leibowitz
One of Its Attorneys

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC d/b/a Lakelaw
3352 N. Sheffield Avenue
Chicago, Illinois 60657
(312) 662-5750
dleibowitz@lakelaw.com

## CERTIFICATE OF SERVICE

I, David P. Leibowitz, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached service list, at the address shown and by the method indicated on the list, on October 15, 2026, before the hour of 5:00 p.m. Central Time.

/s/ David P. Leibowitz

## SERVICE LIST

***Parties served via electronic notice through CM/ECF:***

Adam G. Brief, Acting United States Trustee
USTPRegion11.ES.ECF@usdoj.gov

***Parties served via email (and telephone where indicated):***

**Newtek Bank, N.A.**
1981 Marcus Avenue
New Hyde Park, New York 11040
digitalbanking@newtekone.com

**Newtek Bank, N.A. (address listed on Schedule D)**
1891 Marcus Avenue, Suite 130
North Hempstead, New York 11042
digitalbanking@newtekone.com

**Park Street Imports LLC (Attn: Legal Department / Accounts Payable)**
1000 Brickell Avenue, Suite 215
Miami, Florida 33131
info@parkstreet.com

**Strike Recovery Group, Inc. (for Nitro Advance, Inc.)**
1411 Broadway, 29th Floor
New York, New York 10018
Restraints@strikerecoverygroup.com

**BizFund LLC (c/o Brian Schechter)**
315 Avenue U, Third Floor
Brooklyn, New York 11223
brian@schechterlegal.com

**Fora Financial LLC**
1385 Broadway, 15th Floor
New York, New York 10018
stephen.penteck@forafinancial.com

**G and G Funding Group LLC**
57 W. 57th Street, 4th Floor
New York, New York 10019
info@gandgfunding.com

**Headway Capital LLC**
4700 W. Daybreak Parkway, Suite 200
South Jordan, Utah 84009
Support@headwaycapital.com

**Meged Funding Group LLC**
108 W. 39th Street, Suite 1006
New York, New York 10018
info@megedfunding.com

**Newco Capital Group LLC (c/o Michael Johnson, Piekarski Law PLLC)**
333 W. Commercial Street, Suite 324, East Rochester, New York 14445
michael@piekarski-law.com

**Nitro Advance, Inc.**
1178 Broadway, Suite 3458
New York, New York 10001
admin@nitroadvance.com

**Palisade Advance LLC**
2447 47th Street, Suite B
Astoria, New York 11103
liens@palisadesadvance.com; amber@palisadesadvance.com

**Accelerant LLC**
18117 Biscayne Boulevard
Aventura, Florida 33160
tadranger@accelerant-llc.com

**United States Attorney, Northern District of Illinois**
219 South Dearborn Street
Chicago, Illinois 60604
devvrat.sinha@usdoj.gov

**Small Business Administration (SBA 7(a) guarantor; courtesy notice), Chicago District Office**
332 S. Michigan Avenue, Suite 600
Chicago, Illinois 60604
sameena.nabijee@sba.gov; david.cornett@sba.gov

***Parties served via first-class U.S. Mail:***

**Newtek Bank, N.A.**
1981 Marcus Avenue
New Hyde Park, New York 11040

**Newtek Bank, N.A. (address listed on Schedule D)**
1891 Marcus Avenue, Suite 130
North Hempstead, New York 11042

**Park Street Imports LLC**
1000 Brickell Avenue, Suite 215
Miami, Florida 33131
info@parkstreet.com

**Strike Recovery Group, Inc. (for Nitro Advance, Inc.)**
1411 Broadway, 29th Floor
New York, New York 10018

**Uriel Katz (counsel for G and G Funding Group LLC)**
P.O. Box 597302
Chicago, Illinois 60659

**Epstein & Fahenkopf LLP (counsel for Meged Funding Group)**
110 Greene Street, Suite 10D
New York, New York 10012
info@eflegalgroup.com

**Michael Johnson, Piekarski Law PLLC (counsel for Newco Capital Group)**
17 State Street, Suite 1800
New York, New York 10004
info@piekarski-law.com

**Accelerant LLC**
18117 Biscayne Boulevard
Aventura, Florida 33160
tadranger@accelerant-llc.com

**Illinois Department of Revenue, Bankruptcy Unit**
P.O. Box 19035
Springfield, Illinois 62794
robert.lynch2@illinois.gov

**Internal Revenue Service, Central Insolvency Function**
P.O. Box 7346
Philadelphia, Pennsylvania 19101

Chemistry Cultura
220 Alhambra Cir Penthouse
Penthouse
Coral Gables, FL 33134-5146

Pena Defillo
Torre Salazar
Ave Gustova M Ricart #54 Piso
10
Sto. Domingo, Dominican
Republic

BC LL Brands, Inc.
19 Sherwood Ln
Marietta, GA 30067

The David Ortiz Children's
Fund
c/o Hallie Lorber
214 Main St Suite 448
El Segundo, CA 90245-3803

Colangelo & Partners PR LLC
55 W 39th St 5th Flr
New York, NY 10018-3850

Proforma
PO Box 640814
Cincinnati, OH 45264-0814

Apartment 103
16 Rue Kepler
Paris France 75116

American Express
Po Box 981537
El Paso, TX 79998-1537

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850-5298

Phoenix Packaging
2530 LaPierre
Montreal QC
H8N 2WP
Canada,

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Case No. 26-17110** |
| | ) | |
| **DRINK 2 SUCCESS BEVERAGE CONSULTANTS LLC** | ) | Chapter 11<br>Subchapter V |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |

**EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO NEWTEK BANK, N.A. AND TO SHORTEN NOTICE**

Drink 2 Success Beverage Consultants LLC, debtor and debtor in possession (the "Debtor"), moves under 11 U.S.C. §§ 105(a), 361, 363(c)(2) and 363(e) and Fed. R. Bankr. P. 4001(b) for entry of an order (a) authorizing it to use cash collateral on an interim basis pending a final hearing, in accordance with the budget attached as Exhibit C (the "Budget"), (b) granting adequate protection to Newtek Bank, N.A. ("Newtek"), and (c) shortening notice. In support, the Debtor states:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

4. The statutory bases for the relief requested are 11 U.S.C. §§ 105(a), 361, 363(c)(2) and 363(e) and Fed. R. Bankr. P. 4001(b).

**Background**

5. On October 14, 2026 (the "Petition Date"), Drink 2 Success Beverage Consultants LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code. The Debtor is managing its business and properties as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No party has requested the appointment of a trustee or examiner, and no official committee has been appointed or designated.

6. Drink 2 Success Beverage Consultants LLC imports and distributes liquor. For the past three years, its principal product has been rum imported from the Dominican Republic under the brand name "Ozama Rum." The Debtor's principal place of business is 248 Oakland Drive, Highland Park, Illinois 60035. David Ortiz, a famous Dominican-American baseball player, known popularly as “Big Papi”, is a co-owner, with Mr. Wolfe, of D2S SRL, the Dominican Republic company that supplies the rum. Mr. Ortiz has lent his name and popularity to the Ozama brand. The Debtor keeps its inventory at Park Street Imports, of Miami, Florida. Park Street insures the inventory and then distributes it to distributors for Debtor so that the product can be sold at retail. The inventory is physically located at an agency in New Jersey.

7. The Debtor spent more than $2 million promoting the sale and distribution of "Ozama Rum" in the United States.

8. Those promotional efforts were generally unsuccessful because of several broader trends. Alcohol consumption in the United States has been declining sharply, which the Debtor attributes in part to increased use of cannabis products by young people and to increased use of GLP-1 medications that reduce users' desire to drink alcohol. In addition, the Debtor introduced

"Ozama Rum" during the COVID-19 pandemic. More recently, inflation has depressed consumer demand for dining and drinking.

9. These conditions led to the Debtor's financial crisis. The Debtor attempted to use funds from merchant cash advances to address its cash needs. That backfired, resulting in lawsuits and the diversion of accounts receivable by two merchant cash advance lenders junior to Newtek Bank, N.A., which is, itself, an undersecured creditor.

**Newtek's Liens and the Cash Collateral**

10. Newtek Bank, N.A. ("Newtek") asserts a first-priority lien on the Debtor's accounts receivable and substantially all other assets, including inventory and proceeds, securing Loan No. 2675231, an SBA 7(a) loan dated November 2024 and originally funded in the amount of $500,000 (the "Newtek Loan"). The Debtor's Schedule D lists Newtek's claim at $470,000. The Newtek Loan documents at present are not available.

11. Newtek's loan has first priority. It is undersecured. Therefore, each subsequent creditor claiming a security interest is unsecured. A Uniform Commercial Code search from the Illinois Secretary of State showing the filed financing statements and their priority is attached as Exhibit A.

12. BizFund LLC, Fora Financial LLC, Headway Capital LLC, Meged Funding Group LLC, G and G Funding Group LLC, Nitro Advance, Inc., Accelerant LLC, Newco Capital Group LLC, and Palisade Advance LLC (together, the "Junior Claimants") each assert an interest in some or all of the Debtor's accounts receivable or future receipts. The Debtor disputes each claim and is filing, contemporaneously herewith, an adversary complaint to determine the validity, priority, and extent of those liens and the proper characterization of the merchant cash advances.

13. Whatever the extent of those claims, they are junior and subordinate to the lien of Newtek. Since Newtek is undersecured, each of the junior lien creditors is, in fact, unsecured.

14. The Debtor's use of cash collateral under this Motion is proposed on the basis that Newtek is the only party whose consent is required. The Debtor reserves all rights concerning the Junior Claimants' claims, including their validity, extent, priority, and characterization.

15. The Debtor generates cash and accounts receivable from sales of its imported rum, principally "Ozama Rum," to liquor distributors in Maine, Vermont, New Hampshire, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Pennsylvania and Florida. The Debtor's Schedule A/B lists $3,000 in cash ($2,000 on hand and $1,000 in the bank), $22,000 in accounts receivable, and approximately 7,000 cases of finished-goods inventory. In addition, the Debtor's manager, Abbott D. Wolfe, has committed to contribute $60,000 of his own funds to the Debtor as a capital infusion, not a loan; the funds will be available to him by October 19, 2026. Those funds are new money and are not proceeds of any creditor's prepetition collateral. The Debtor proposes to use them to pay the employee obligations described in its wage motion and other budgeted expenses. The proceeds of Debtor's accounts receivable constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a) in which Newtek asserts a first-priority security interest.

16. The Debtor proposes to maintain the senior Newtek Loan unimpaired and to pay it in accordance with its existing contractual terms. Those payments will afford adequate protection to Newtek.

**The Debtor's Need to Use Cash Collateral**

17. The Debtor cannot operate without using cash collateral. It needs those funds to pay the costs of storing, transporting, insuring, and selling its inventory, as well as other ordinary

expenses of its import and distribution business, which generate the receipts that secure the Newtek Loan.

18. Without authority to use cash collateral in accordance with the Budget, the Debtor would be unable to pay the costs of holding and selling its inventory and maintain its distribution relationships. That would diminish the value of Newtek's collateral and of the estate, to the detriment of all creditors. In addition, Mr. Wolfe's personal residence has been pledged as collateral for the SBA loan, so a default on the Newtek Loan would cause significant hardship to the Debtor's principal. Debtor conducts its business from Debtor's principal's residence, so this is an additional factor to consider.

**The Budget**

19. The Budget, attached as Exhibit C, covers the thirty-day period beginning on the Petition Date. It is derived from the Debtor's historical operating results and reflects only those expenses necessary to continue operations in the ordinary course and to preserve the value of Newtek's collateral.

20. Key features of the Monthly Budget include:

- $6,744 for the payment on the Newtek Loan.
- $6,500 for Park Street's monthly warehouse and logistics fees (which includes property insurance, but which amount will decline as inventory at Park Street declines).
- $1,000 for key-man life insurance and product liability insurance.
- $7,500 for payroll for the three members of the sales team.
- $1,000 for the Subchapter V trustee
- $4,000 for professional fees

**Proposed Adequate Protection**

21. To protect Newtek against any diminution in the value of its interest in the prepetition collateral resulting from the Debtor's use of cash collateral, the Debtor proposes the following (the "Adequate Protection"):

(a) **Replacement lien.** Newtek will receive a replacement lien on the Debtor's postpetition accounts receivable, inventory and the proceeds of each, of the same type, and with the same validity, extent and priority as its prepetition liens, but only to the extent of any diminution in the value of its interest in the prepetition collateral from the Debtor's use of cash collateral.

(b) **Regular payments.** The Debtor will make the regular monthly payments required under the Newtek Loan documents, in the amount of $6,744, as reflected in the Budget.

(c) **Reporting.** The Debtor will provide Newtek with monthly reporting of actual receipts and disbursements against the Budget, copies of its monthly operating reports and bank statements, and reasonable access to its books and records on reasonable notice.

(d) **Insurance.** The Debtor will maintain insurance on its property in the ordinary course through Park Street.

(e) **Section 507(b) claim.** To the extent the replacement lien proves inadequate to protect against diminution in value, Newtek will have an administrative expense claim under 11 U.S.C. § 507(b).

(f) **Budget variance.** The Debtor may exceed any line item in the Budget by up to 10 percent, and aggregate budgeted disbursements by up to 10 percent, without further consent or order.

(g) **Compliance with loan terms.** The Debtor will adhere to the terms of the Newtek Loan documents.

22. The Debtor submits that these terms adequately protect Newtek. Use of cash collateral will preserve and increase the value of Newtek's collateral by allowing the Debtor to continue generating new receivables, on which Newtek will hold replacement liens, while Newtek continues to be paid on its loan.

## **Basis for Relief**

23. Section 363(c)(2) of the Bankruptcy Code permits a debtor in possession to use cash collateral if each entity with an interest in it consents or the court, after notice and a hearing, authorizes the use. 11 U.S.C. § 363(c)(2). On request of an entity with an interest in property proposed to be used, the court must condition the use as necessary to provide adequate protection. 11 U.S.C. § 363(e). Section 361 provides that adequate protection may take the form of periodic cash payments, additional or replacement liens, or other relief that provides the indubitable equivalent of the entity's interest. 11 U.S.C. § 361. The purpose of adequate protection is to safeguard the secured creditor against a decline in the value of its interest in the collateral during the case. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988).

24. The proposed Adequate Protection satisfies these standards. Newtek receives continued payments, a replacement lien on newly generated receivables, reporting, and a § 507(b) claim, while the Debtor's continued operations preserve the value of Newtek's collateral.

## **Interim Relief and Final Hearing**

25. Under Fed. R. Bankr. P. 4001(b)(2), the Court may conduct a preliminary hearing before the fourteen-day period following service of this Motion expires and may authorize the use of that amount of cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The Debtor requests interim authority to use cash collateral in

accordance with the Budget through the final hearing, and requests that the Court set a final hearing on or after Tuesday, November 10, 2026.

**Notice**

26. Notice of this Motion and the hearing was given on October 15, 2026 by CM/ECF, email, telephone and/or U.S. Mail, as indicated in the attached certificate of service, to: (a) the Office of the United States Trustee; (b) Newtek Bank, N.A. and the other secured creditors listed on Schedule D, and the Debtor's twenty largest unsecured creditors; and (c) all parties that have requested or receive notice through CM/ECF. Notice was also given to Newtek at its headquarters in New Hyde Park, New York, to the Small Business Administration as guarantor of the Newtek Loan, to each of the Junior Claimants and their counsel where known, and to the United States Attorney for the Northern District of Illinois. The Debtor requests that the Court find the notice given sufficient under the circumstances and shorten any applicable notice period for cause, Fed. R. Bankr. P. 2002(a)(2), (m); L.R. 9013-1.

WHEREFORE, Drink 2 Success Beverage Consultants LLC respectfully requests that this Court enter an order, substantially in the form attached, (i) authorizing the Debtor to use cash collateral on an interim basis in accordance with the Budget pending a final hearing; (ii) granting Newtek the Adequate Protection described above; (iii) setting a final hearing on this Motion; (iv) finding the notice given sufficient and shortening notice as necessary; (v) granting such other and further relief as is just and proper.

**DRINK 2 SUCCESS BEVERAGE CONSULTANTS LLC**

By: /s/ David P. Leibowitz
One of Its Attorneys

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC d/b/a Lakelaw
3352 N. Sheffield Avenue
Chicago, Illinois 60657
(312) 662-5750
dleibowitz@lakelaw.com